IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZARIK PLUMMER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1119-B |
| | § | |
| LUPE VALDEZ, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Zarik Plummer, a Texas prisoner, against the Dallas County Jail, the Dallas County Commissioner's Court, Sheriff Lupe Valdez, and Mid-States Commissary. On June 23, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on July 20, 2006. The court now determines that plaintiff should be allowed to prosecute his failure to protect claim against Sheriff Valdez. All other claims should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

II.

Although his complaint and interrogatory answers are less than a model of clarity, it appears that plaintiff claims he was seriously injured when another inmate scalded him with boiling water from a water heater sold by Mid-States Commissary, a private vendor operating at the Dallas County Jail. Plaintiff faults the Sheriff and the Dallas County Commissioners for "allowing the commissary to continue to sell this product after having knowledge that the product was being used in numerous cases by other inmates to assault inmates." (Interrog. #2). By this suit, plaintiff seeks unspecified damages for his "pain and suffering."

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>   (1)   is frivolous or malicious;
>
>   (2)   fails to state a claim upon which relief can be granted; or
>
>   (3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas County Jail and the Dallas County Commissioner's Court. Federal courts in this district have uniformly held that entities without a separate jural existence are not subject to suit. Neither the Dallas County Jail or the Dallas County Commissioner's Court are separate legal entities having jural authority. *See, e.g. Lindley v. Bowles*, No. 3-02-CV-0595-P, 2002 WL 1315466 at *2 (N.D. Tex. Jun. 12, 2002) (Dallas County Jail not a proper defendant with jural existence); *Daniel v. Dallas County Commissioner's Court*, No. 3-01-CV-0072-P, 2001 WL 167923 at *1 (N.D. Tex. Jan. 19, 2001) (same as to Dallas County Commissioner's Court). Consequently, plaintiff's claims against these defendants must be dismissed.

C.

Nor can plaintiff sue Mid-States Commissary under 42 U.S.C. § 1983. In order to maintain a civil rights action under that statute, plaintiff must show that he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). Mid-States is a private company, not a state actor. *See Harris v. Ashby*, No. 3-00-CV-1409-M, op. at 5-6 (N.D. Tex. Mar. 5, 2001) (Boyle, M.J.), *rec. adopted* (N.D. Tex. Jul. 30, 2001), *aff'd*, No. 01-11110 (5th Cir. Jul. 8, 2002) (holding that Mid-States Commissary, a company that provides products for sale to jail inmates, is a private actor). Private action may give rise to section 1983 liability only when the challenged conduct is "fairly attributable to the State." *Bass v. Parkwood Hospital*, 180 F.3d 234,

241 (5th Cir. 1999). Plaintiff fails to allege any facts which constitute state action on the part of this defendant.

D.

The court reaches a different conclusion with respect to plaintiff's claim against Sheriff Lupe Valdez. The due process clause of the Fourteenth Amendment requires jail officials to protect pretrial detainees from violence at the hands of other inmates. *See Dickie v. Moreno*, Civ. A. No. H-04-1550, 2006 WL 1983200 at *2 (S.D. Tex. Jul. 13, 2006), *citing Hare v. City of Corinth*, 135 F.3d 320, 324 (5th Cir. 1998). To prevail on a failure to protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that [jail] officials acted with deliberate indifference to the inmate's safety." *Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004), *citing Farmer v. Brennan*, 511 U.S. 825, 833-24, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994) (internal quotations omitted). As the elected official responsible for operations at the Dallas County Jail, Valdez may be subject to personal liability if: (1) she affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993).

In his interrogatory answers, plaintiff alleges that Valdez "had information about the assaults going on in her jails as a result of inmates boiling hot water to assault inmates." (Interrog. #3). Yet she continued to allow the sale of water heaters to inmates, one of whom attacked plaintiff by scalding him with boiling water. These allegations, if proved, demonstrate personal involvement on the part of Valdez and may support a claim under 42 U.S.C. § 1983.

**RECOMMENDATION**

Plaintiff should be allowed to prosecute his failure to protect claim against Sheriff Lupe Valdez. All other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 21, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE